IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STEVE PASCHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-02799-SHL-tmp |
| ) | |
| MEMPHIS LIGHT, GAS AND WATER ) | |
| DIVISION a/k/a THE LIGHT, GAS AND ) | |
| WATER DIVISION OF THE CITY OF ) | |
| MEMPHIS, TENNESSEE, and the PENSION ) | |
| BOARD OF THE MEMPHIS LIGHT, GAS ) | |
| AND WATER DIVISION RETIREMENT ) | |
| AND PENSION SYSTEM, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABSTAIN OR, IN THE ALTERNATIVE, TO AMEND THE SCHEDULING ORDER AND STAY**

Before the Court is Defendants Memphis Light, Gas and Water Division and the Pension Board of the Memphis Light, Gas and Water Division Retirement and Pension System's (collectively "MLGW") Motion to Dismiss or, in the Alternative, to Abstain or, in the Alternative, to Amend the Scheduling Order and Stay, filed April 11, 2025. (ECF No. 58.) Plaintiff Steve Paschall responded on May 5, 2025. (ECF No. 60.) MLGW filed its reply on May 27, 2025. (ECF No. 64.)[1] For the reasons that follow, the Motion is **GRANTED IN**

---

[1] On June 5, 2025, Paschall filed a Notice of Additional Sixth Circuit Case Following Briefing, and attached as an exhibit the decision from Fire-Dex, LLC v. Admiral Ins. Co., —— F.4th ——, 2025 WL 1554337 (6th Cir. June 2, 2025). On July 14, 2025, Paschall also filed a Motion for Permission to Supplement Plaintiff's Response to Motion to Dismiss (Dkt 60) to Address Argument in Defendants' Reply (Dkt. 64) By Providing Tennessee Case Law And Sur-Response, which Defendants opposed. (ECF No. 74.) Paschall attached his sur-response to the motion. (ECF No. 74-3.) MLGW has not filed a response to that motion, but its deadline to do so has not yet run. Although the sur-response does not change the Court's determination that the

**PART**.  The matter will be stayed pending the outcome of the Paschall's appeal of the state court lawsuit involving the same parties.

## BACKGROUND

The Court detailed the facts of this case in its February 27, 2025 Order Denying Defendants' Motion for Summary Judgment.  (ECF No. 42.)  In brief, and as outlined in that Order, this case is about the denial of certain benefits under a retirement plan.  Paschall, a former MLGW employee, contributed to the MLGW Division Retirement and Pension System (the "Pension Plan") during his employment.  (Id. at PageID 2082–83.)  Following his termination, Paschall filed a lawsuit against MLGW, seeking reinstatement and backpay.  (Id. at PageID 2083.)  After MLGW was awarded summary judgment in that case, Paschall sought his retirement benefits, retroactively applied to the date of his termination.  (Id. at PageID 2084.) MLGW denied Paschall retroactive benefits based on what it said was its interpretation of the Plan Document governing the Pension Plan.  (Id. at PageID 2085.)  Paschall then filed a retaliation charge with the Tennessee Human Rights Commission, which was later transferred to the EEOC for investigation.  (Id.)  After receiving his right-to-sue letter from the EEOC, Paschall filed the instant lawsuit, alleging two Title VII retaliation claims based on MLGW's alleged violation of Title VII's participation and opposition clauses.  (Id. at PageID 2086.)

A trial on those claims was set for March 24, 2025.  (ECF No. 16.)  On March 7, the Parties filed their Proposed Joint Pretrial Order.  (ECF No. 49.)  In it, Defendants raised two questions related to this Court's jurisdiction.  The first was "[w]hether the Chancery Court's

---

case should be stayed, the sur-response may become relevant after the stay is lifted.  Therefore, because the Court finds there is good cause, Paschall's motion to file a sur-response is **GRANTED**.  He shall file the sur-response at ECF No. 74-3 separately on the docket within three days of the entry of this Order.

Findings of Fact and Conclusions of law precludes any determination in this court interpreting the Pension Plan." (Id. at PageID 2116.)[2]  And, second, "[w]hether this court has subject matter jurisdiction to interpret the Pension Plan." (Id.)  The Court continued the March 24 trial in order for the Parties to brief the issues Defendants raised.  On July 2, the Court held a status conference, continued the trial to August 11, 2025, and informed the Parties that it would issue a ruling on Defendants' Motion. (ECF No. 71.)

MLGW seeks several alternative forms of relief in its Motion.  First, it asserts it is entitled to dismissal under Federal Rule of Civil Procedure 12(h)(3), based on the Court's lack of subject matter jurisdiction.  It asserts that Plaintiff's claims are "a creature of state law, with decisions made pursuant to state law, with exclusive judicial review in Tennessee state courts," and therefore "Plaintiff's claims arise solely under Tennessee law, not federal." (ECF No. 59 at PageID 2307.)  MLGW asserts that, in this case, Paschall "raises the same Title VII retaliation claims he raised or could have raised in the Chancery Court." (Id. at PageID 2303.)  According to MLGW, when the Shelby County Chancery Court rejected Paschall's claims in its January 3 order, it determined the dispositive issue under Tennessee law and found that no federal law was violated, and therefore "Plaintiff's claims here constitute an impermissible collateral attack on the Chancery Court decision." (Id. at PageID 2307.)[3]

MLGW alternatively asserts that, if the Court determines it has subject matter jurisdiction, it should nevertheless abstain as the concurrent state and federal actions are actually parallel when evaluated under the Colorado River abstention doctrine. (Id. at PageID 2308 (citing Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).)

---

[2] On February 13, 2025, Defendants filed a Notice of Filing the Chancery Court's Findings of Fact and Conclusions of Law in a Case Between the Same Parties. (ECF No. 33.)

[3] Paschall's appeal of that decision is pending. (ECF No. 59 at PageID 2301.)

Finally, MLGW asserts that, if the Court does not dismiss the case based on a lack of subject matter jurisdiction, or abstain from ruling on the matter based on Colorado River abstention, "it should amend the scheduling order to allow Defendant to amend its answer to plead res [judicata], to allow for a summary judgment based on that, and to otherwise stay this matter," as once "Plaintiff's state court appeals are finished, res judicata will bar Plaintiff's claims here." (ECF No. 59 at PageID 2309.)

## ANALYSIS

The Court's analysis begins and ends with the third issue Defendants raise in the Motion, that is, the issue of res judicata. The Court does not reach the question as to whether Paschall did, could, or should have litigated his Title VII claims in his Chancery Court case—a thorny issue that implicates all three of the forms of relief Defendants seek in their Motion. Nevertheless, it is inescapable that Paschall's appeal in the state court turns on whether he is entitled to retroactive retirement benefits under the Pension Plan. Whether MLGW's decision to deny him benefits was unlawful under Title VII is a separate, though closely related question. As the Court previously explained in denying MLGW summary judgment,

> The evidence viewed in a light most favorable to Paschall establishes questions of fact as to whether Defendants eschewed the portions of the Pension Plan that supported his entitlement to benefits as of the date of his termination, as well as upon his initial application for benefits in May 2022, in favor of portions of the Plan Document that would result in him being denied benefits, and whether that decision was made based on the protected activity he previously engaged in.

(ECF No. 42 at PageID 2093.)

If the Tennessee appellate courts conclude that Paschall was, in fact, entitled to the retroactive benefits at issue in his Chancery Court petition, a question arises as to whether MLGW's denial of the retroactive benefits was based on its legitimate interpretation of the Plan Document, or whether MLGW's denial of benefits was retaliatory in violation of Title VII.

4

But a problem for Paschall arises if the appellate courts affirm the Chancery Court's January 3 decision finding that Paschall is not entitled to retroactive benefits. As this Court explained in its Order Denying Summary Judgment, to demonstrate a prima facie case of discrimination, a party must show that "(1) he engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action." (ECF No. 42 at PageID 2090 (citations omitted).)

The materially adverse action that Defendants are alleged to have taken against Paschall is the denial of his retirement benefits in retaliation for his protected activity. As the Court explained, "the Plan Document's provisions could be read in ways that would have allowed for Paschall to recover retroactive benefits." (ECF No. 42 at PageID 2096.) If, however, Tennessee's appellate courts agree with the Chancery Court's conclusion that, under the terms of the Plan, Paschall is not entitled to retroactive benefits to the date of his termination as an MLGW employee, Paschall's entitlement to recovery under his retaliation theories may be severely curtailed, if not eliminated completely, under theories of issue or claim preclusion or otherwise.[4]

Given the foregoing, the Court will **GRANT IN PART** Defendants' Motion to the extent that it seeks to stay the case. The stay will extend until the resolution of Paschall's state-court

---

[4] Paschall asserts that Defendants are liable to him "for compensatory damages, including for humiliation, anxiety, embarrassment, pain and suffering, emotional damages and other injury and damages, as well as damages for the loss of [his] retirement benefits, including cost of living adjustments, medical benefits, survivor benefits, prejudgment interest and post-judgment interest." (ECF No. 11 at PageID 224.) If there is no entitlement to retroactive benefits under the terms of the Plan, it is unclear how Paschall could be entitled to these damages.

appeal.  Within thirty days of the final resolution of the state-court matter, the Parties shall inform the Court of the resolution and shall file their respective positions on how that resolution impacts this litigation.

      **IT IS SO ORDERED,** this 18th day of July, 2025.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              CHIEF UNITED STATES DISTRICT JUDGE